No. 139.—T. M. GILMER v. W. H. HILL, Sheriff and Tax Collector, et al.

The revenue act of ninth of March, 1869, which prohibits all courts from enjoining or otherwise interfering with State tax collectors in the discharge of their duties in collecting licenses or taxes, has no application to parish taxes or parish tax collectors.

APPEAL from the Parish Court of the parish of Bossier. *Baker*, J. R. W. *Turner*, for plaintiff and appellant. T. W. *Fuller*, Parish Attorney, for defendant and appellee.

WYLY, J. The plaintiff enjoined the parish tax collector and the police jury of the parish of Bossier from selling his property for the payment of his parish taxes, for the year 1868, to wit: $65 95 *ad valorem* tax, and $332 00 specific tax, the latter being an assessment of $2 per bale on one hundred and sixty-six bales of cotton, on the ground of the unconstitutionality of said tax. The defendants excepted to the jurisdiction of the court, on the ground that by the revenue act of the ninth of March, 1869, "all courts are prohibited and restrained from enjoining, or otherwise interfering with State tax collectors in the discharge of their duties in collecting licenses or taxes under this law."

The parish court dismissed the suit, and plaintiff has appealed.

An examination of the statute under which the suit was dismissed by the parish judge, satisfies us that his judgment is erroneous.

That act has no reference to parish taxes or parish tax collectors, it being an act to provide for the revenue of the State, and to facilitate the collection of State taxes.

It is therefore ordered that the judgment appealed from be avoided and annulled, and that this cause be remanded, to be proceeded in according to law. It is further ordered that the defendants and appellees pay costs of this appeal.